UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| INDUSTRIAL MARITIME CARRIERS, LLC, | : : : | CIVIL ACTION<br><br>NO.: 13-06382 |
| v. | : : | |
| | : | JUDGE NANNETTE J. BROWN |
| NALCO COMPANY | : : : | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

### ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM OF THIRD PARTY DEFENDANT, BRENNTAG SOUTHWEST, INC.

**COMES NOW,** third party defendant, Brenntag Southwest, Inc. (hereinafter referred to as "BSW"), through its undersigned counsel, and for the purpose of asserting defenses to the allegations of the Complaint filed herein by plaintiff, Industrial Maritime Carriers, LLC (hereinafter referred to as "IMC"), and for answer to the allegations of the Complaint, denies each and every allegation therein, except as may be specifically admitted herein below, and with respect, represents:

### FIRST DEFENSE

The Complaint is not directed to BSW, but it fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The tender of BSW to IMC made by original defendant, NALCO Company (hereinafter referred to as "NALCO"), pursuant to Rule 14(c) of the Federal Rules of Civil Procedure in NALCO'S Third Party Complaint, is defective and unenforceable.

1

## **THIRD DEFENSE**

**AND NOW,** for answer to the individual allegations of the Complaint, BSW responds as follows:

### I.

The allegations contained in Paragraph 1 of the Complaint are denied for lack of information sufficient to justify a belief as to the truth contained therein.

### II.

The allegations contained in Paragraph 2 of the Complaint are denied for lack of information sufficient to justify a belief as to the truth contained therein.

### III.

The allegations contained in Paragraph 3 of the Complaint contain conclusions of law, which require no response of BSW. Should a response be deemed necessary, the allegations are denied.

### IV.

The allegations contained in Paragraph 4 of the Complaint contain conclusions of law, which require no response of BSW. Should a response be deemed necessary, the allegations are denied.

### V.

The allegations contained in Paragraph 5 of the Complaint are denied for lack of information sufficient to justify a belief as to the truth contained therein,

## VI.

The allegations contained in Paragraph 6 of the Complaint are denied for lack of information sufficient to justify a belief as to the truth contained therein.

## VII.

The allegations contained in Paragraph 7 of the Complaint are denied for lack of information sufficient to justify a belief as to the truth contained therein.

## VIII.

The allegations contained in Paragraph 8 of the Complaint are denied.

## IX.

The allegations contained in Paragraph 9 of the Complaint are denied for lack of information sufficient to justify a belief as to the truth contained therein.

## X.

The allegations contained in Plaintiff's first Paragraph 11 of the Complaint, including subparagraphs a through g, are denied.

## XI.

The allegations contained in Plaintiffs second Paragraph 11 of the Complaint are denied to the extent that such allegations may be construed as pertaining to BSW and are otherwise further denied for lack of information sufficient to justify a belief as to the truth contained therein.

## XII.

The allegations contained in Paragraph 12 of the Complaint are denied, to the extent that such allegations may be construed as pertaining to BSW.

### XIII.

The allegations contained in Paragraph 13 are answered as set forth above.

### XIV.

The allegations contained in Paragraph 14 of the Complaint are denied for lack of information sufficient to justify a belief as to the truth contained therein.

### XV.

The allegations contained in Paragraph 15 of the Complaint are denied for lack of information sufficient to justify a belief as to the truth contained therein.

### XVI.

The allegations contained in Plaintiffs first Paragraph 16 of the Complaint, including subparagraphs a through h, are denied to the extent that such allegations may be construed as pertaining to BSW.

### XVII.

The allegations contained in Plaintiffs second Paragraph 16 of the Complaint are denied to the extent that such allegations may be construed as pertaining to BSW.

### XVIII.

The allegations contained in Paragraph 17 of the Complaint are denied to the extent that such allegations may be construed as pertaining to BSW.

### XIX.

The allegations contained in Paragraph 18 do not require an answer, but if an answer is required it is admitted that Plaintiff demands trial by jury and BSW also demands trial by jury.

### XX.

BSW denies the allegations contained in the prayer of the Complaint to the extent same states allegations against BSW.

### XXI.

Any allegations contained in the Complaint not specifically answered by the above paragraphs are denied.

### **FOURTH DEFENSE**

In the alternative, Plaintiff's alleged damages, if any, were caused or occasioned by its own fault, neglect, comparative or contributory negligence, or assumption of the risk, breach of contract, which is pleaded in bar or diminution of recovery herein.

### **FIFTH DEFENSE**

In the further alternative, Plaintiff's alleged damages, if any, were the result of unavoidable consequences for which BSW cannot be held responsible.

### **SIXTH DEFENSE**

In the further alternative, Plaintiff's alleged incident and damages, if any, were caused or occasioned by fault, negligence, and/or statutory violations of third parties for which or for whom BSW is not legally responsible.

### **SEVENTH DEFENSE**

In the further alternative, Plaintiff's alleged damages, if any, were caused or occasioned by intervening and/or superseding causes for which BSW is not legally responsible.

## EIGHTH DEFENSE

In the further alternative, BSW avers that its liability, if any, which it specifically denies, is purely passive and/or technical while the liability of others is actual and/or active, thus entitling BSW to full indemnification from those others who were negligent or otherwise at fault.

## NINTH DEFENSE

In the further alternative, Plaintiff failed to take reasonable steps to mitigate its damages, if any.

## TENTH DEFENSE

In the further alternative, BSW is entitled to credit and/or offset to any recovery by Plaintiff against it, if any, for any and all damages sustained by BSW attributed to the negligence and/or fault of Plaintiff and/or third parties. BSW is also entitled to a credit and/or offset for any payments made to Plaintiff by any other source, collateral or otherwise.

## ELEVENTH DEFENSE

BSW specifically pleads all defenses available to it under the Carriage of Goods by Sea Act, 46 U.S.C. 30701, et seq. ("COGSA"), and the Federal Rules of Civil Procedure, and reserves its right to supplement these claims in amended pleadings.

## TWELFTH DEFENSE

Plaintiff's Complaint is barred by prescription, preemption, laches and/or any applicable statute of limitations.

### THIRTEENTH DEFENSE

BSW specifically reserves the right to supplement, amend, and/or modify its Answer and Affirmative Defenses to conform to such facts as may be revealed during discovery or otherwise.

### FOURTEENTH DEFENSE

Plaintiff's claims for damages are barred in whole or in part by the applicable maritime and admiralty laws of the United States and/or the economic loss doctrine.

### FIFTEENTH DEFENSE

Any liability against BSW for Plaintiff's claims for damages, which liability is denied, is barred or limited by BSW's contractual terms and conditions which govern the relevant transactions between BSW and NALCO.

### SIXTEENTH DEFENSE

BSW owed no duty nor breached any duty that may have been owed to Plaintiff.

### SEVENTEENTH DEFENSE

Plaintiff may not recover damages against BSW due to lack of privity.

### EIGHTEENTH DEFENSE

BSW asserts all defenses that are afforded by BSW's contractual terms and conditions which govern the relevant transactions between BSW and NALCO.

### NINETEENTH DEFENSE

Plaintiff's claims are barred due to the spoliation of evidence.

WHEREFORE, Third Party Defendant, Brenntag Southwest, Inc., prays that its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages be deemed good and sufficient and that after due delays and proceedings be had, there be judgment in favor of Brenntag Southwest, Inc., dismissing the Complaint for Damages, with prejudice, at Plaintiff's cost, and awarding all other relief deemed appropriate by the Court.

## CROSS-CLAIM AGAINST NALCO COMPANY

**NOW INTO COURT,** through undersigned counsel, comes Third Party Defendant, Brenntag Southwest, Inc. (hereinafter referred to as "BSW"), which, in the alternative, files this Cross-Claim for contractual indemnity against NALCO Company (hereinafter referred to as "NALCO"), and in support thereof avers the following:

### I.

Plaintiff, Industrial Maritime Carriers, LLC (hereinafter referred to as "IMC"), filed a Complaint against NALCO seeking damages allegedly arising out of a spill of cargo of monoethanolamine aboard the M/V KAYA SCAN.

### II.

NALCO made BSW a third party defendant by way of a Third Party Complaint, which contained a defective and unenforceable tender pursuant to F.R.C.P. 14(c).

### III.

The monoethanolamine allegedly at issue was sold by BSW to NALCO pursuant to BSW's contractual terms and conditions which governed the sale of the monoethanolamine.

8

## IV.

Paragraph 6 of BSW's Terms & Conditions provides:

> . . . Buyer [NALCO] agrees to defend, indemnify and hold seller [BSW] . . . harmless from and against any and all claims, losses, damages, liabilities, costs and expenses arising out of such use, handling, storage or resale.

## V.

To the extent that IMC suffered damages as a result of a spill of monoethanolamine as alleged in the Complaint, such damages are a result of the handling and storage of the monoethanolamine, and, therefore, NALCO must contractually defend, indemnify and hold BSW harmless.

**WHEREFORE**, Brenntag Southwest, Inc. prays for judgment on its Cross-Claim against NALCO Company and that NALCO Company be required to defend, fully indemnify and hold Brenntag Southwest, Inc. harmless from any and all liabilities to Plaintiff and that Brenntag Southwest, Inc. be awarded attorney's fees and all other relief available.

Respectfully submitted,

CHOPIN, WAGAR, RICHARD
& KUTCHER, L.L.P.

By: *Richard A. Chopin*
RICHARD A. CHOPIN (#4088)
MICHAEL L. COHEN (#21533
Two Lakeway Center
3850 N. Causeway Boulevard, Suite 900
Metairie, Louisiana  70002
Telephone:  (504) 830-3838
Facsimile:  (504) 836-9540
Attorneys for Third Party Defendant,
Brenntag Southwest, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of April, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to persons electronically noticed. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participant.

<i>Richard A. Chopin</i><br>
**RICHARD A. CHOPIN**